IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHONY SCOTT CHARLIE, | Cause No. CV 22-113-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| ELON MUSK; SPACE X, | |
| Defendants. | |

Plaintiff Anthony Scott Charlie moves to proceed in forma pauperis with this civil tort claim.

Charlie's inmate trust account statement adequately shows that he is not able to pay the full filing fee at this time. His motion will be granted. Because he is a prisoner, he must pay the $350.00 filing fee in installments taken from his inmate trust account and consisting of 20% of each month's deposits into the account, provided the balance is at least $10.00. The Court will waive the initial partial filing fee, because it is not clear Charlie could pay it. The total fee and the rate of withdrawal are established by Congress and cannot be altered by the Court. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Because Charlie is a prisoner and is proceeding in forma pauperis, the Court must review the complaint to determine whether it fails to state a claim on which

1

relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1).  A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

Charlie seeks to establish a legal framework that will secure and preserve the common good against private interests developing and colonizing space.  *See, e.g.*, Compl. (Doc. 2) at 2–6 ¶¶ 3–9.

The judicial power of the federal courts extends "to all Cases, in Law and Equity, arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."  U.S. Const. Art. III, § 2.  In *Baker v. Carr*, 369 U.S. 186 (1962), the Supreme Court explained that the federal courts do not have the power to address an issue if it presents:

> . . . a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; . . . or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Baker*, 369 U.S. at 217.

These barriers exist here.  "Judicially discoverable and manageable

2

standards for resolving" issues related to space colonization are the very things Charlie seeks to establish. What he wants to see is "an initial policy determination" of the kind typically made by legislatures, not courts. If this Court were to attempt to adjudicate what legal duties Elon Musk and Space X owe to Charlie—the crux of any lawsuit between a plaintiff and a defendant—it would usurp the democratic legislative power at the heart of self-government in the United States. It would also risk pronouncing laws that the pertinent legislatures of the State of Montana and the United States would have the prerogative to reject.

For all these reasons, the complaint presents a nonjusticiable political question and must be dismissed. To shape federal law in the way he describes, Charlie must participate in the political process.

Because reasonable jurists would not doubt that Charlie presents a nonjusticiable political question, any appeal from this disposition would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, IT IS RECOMMENDED:

1. Charlie's motion to proceed in forma pauperis (Docs. 1, 4) is GRANTED. A collection order accompanies this Order.

2. This matter is DISMISSED for failure to state a claim upon which relief may be granted.

3. The clerk shall enter, by separate document, a judgment of dismissal.

4.  The Court CERTIFIES that any appeal from this disposition would not be taken in good faith.

DATED this 11th day of July, 2022.

*/s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court